JONATHAN ANDREWS *et al. vs.* WALTER S. REYNOLDS, Clerk.

MARCH 23, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Poor Tort Debtors. Jail Limits. Assignment for Benefit of Creditors.*

Assignments given under Gen. Laws. cap. 325, § 7; to obtain the liberty of the jail yard, although for the benefit of creditors were not within the contemplation of the general assembly in the enactment of Gen. Laws, cap. 338, "of assignments at common law for the benefit of creditors" and such assignments are not affected by the provisions of cap. 338.

PETITION for writ of mandamus. Petition denied.

SWEETLAND, C. J. This is a petition for a writ of mandamus to compel the respondent as clerk of the Superior Court for the counties of Providence and Bristol to issue an alias execution against the body of one David Miller, defendant in an action of debt on bond, entitled *Jonathan Andrews et al.* v. *David Miller.*

It appears that the writ in said cause was in arrest, issued on an affidavit that the defendant "has committed fraud in fact involving moral turpitude or intentional wrong in the concealment of his property; in the disposition of his property." After judgment in said cause against the defendant Miller he was arrested upon execution and committed to the Providence County Jail. Later said Miller, upon giving bond in accordance with the provisions of the statute, was granted the liberty of the jail yard (Sections 4, 5, 6, Chapter 325, General Laws, 1909). Within thirty days after his commitment to jail said Miller executed an assignment of all his estate for the equal benefit of his creditors, to the keeper of said jail, with intent to comply with the provisions of Section 7, Chapter 325, General Laws, 1909. Said section is as follows: "Sec. 7. No person committed on execution shall have the liberty of the prison yard for more than thirty days after his said commitment, unless he shall within the said thirty days execute an assignment of all his estate of every kind and not exempted from attachment by law, and wherever the same may be, to such keeper of said jail and his successor in said office, and his heirs and assigns in trust for the equal benefit of all his creditors in proportion to their demands."

After the expiration of thirty days from said commitment of Miller, the petitioner requested the respondent to issue an alias execution against the body of Miller. After the denial of that request the petitioner commenced this proceeding to compel the respondent to issue such execution. The position of the petitioner is that Miller has failed to comply with the provisions of said Section 7, Chapter 325, and has committed an escape for the reason that the assign-

ment of said Miller to the keeper of the jail was invalid. The invalidity alleged is that the assignor did not with said assignment deliver to the keeper a sworn itemized schedule of all his assets, showing the amount and kind of property, where located and the tax value thereof, to the best of his knowledge and belief, and a list of his creditors, stating their names, residences, and the amounts due each of them, and the evidences thereof and securities therefor, if any, held by them. Said Section 7 does not by its terms require the assignor to deliver to the keeper such schedule or list; but the petitioner contends that the assignment to the jailer provided for in said Section 7 should conform to the requirements of a valid assignment under Chapter 338, Gen. Laws, 1909, "Of Assignments at Common Law for the Benefit of Creditors." Section 2 of said Chapter 338 provides for filing with an assignee such a sworn schedule of assets and list of creditors.

To this contention of the petitioner, counsel for the respondent has pertinently pointed out in his argument and brief that if the provision of Chapter 338 with reference to filing a schedule of assets and a list of creditors is applicable to assignments given to the jailer to secure the liberty of the jail yard, then all the provisions of Chapter 338 are equally applicable. From an examination of Chapter 338 it is apparent that nearly all the provisions relating to assignments for the benefit of creditors, dealt with in that chapter, are without relevance in the procedure for obtaining the liberty of the jail yard.

This court in *Jordan, Marsh & Company* v. *Hall*, 9 R. I. 218, has declared that an assignment given under the provisions of the poor debtors' statute was distinct from an assignment made under the State Insolvency Law. In our opinion assignments given to obtain the liberty of the jail yard, although such assignments are for the benefit of creditors, were not within the contemplation of the General Assembly in the enactment of said Chapter 338, and such assignments are not affected by the provisions of that chapter.

The assignment given by said Miller to the jailer was a valid assignment under the provisions of Section 7, Chapter 325, Gen. Laws, 1909.   The petition for writ of mandamus is denied.

*Charles C. Remington, Ernest P. B. Atwood,* for petitioners.
*Albert B. West,* for respondent.